MUN SU PARK, ESQ.
LAW OFFICE OF PARK
415 Chalan San Antonio Road
Baltej Pavilion, Suite #205
Tamuning, GU 96913
Telephone: (671) 647-1200
Fax:  (671) 647-1211
Email: lawyerpark@hotmail.com
*Attorney for Plaintiffs Jong Gil Lee and Namlee Kim*

# IN THE UNITED STATES
# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| JONG GIL LEE and NAMLEE KIM,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC STAR RESORT & SPA, MARIANAS PROPERTIES LLC, and DOES 1 through 20,<br><br>Defendants. | CIVIL CASE NO.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |
|---|---|

COMES NOW the Plaintiffs, JONG GIL LEE and NAMLEE KIM, (hereinafter also referred to as "Plaintiffs"), by and through their undersigned counsel and, for their claims against the Defendants, jointly and severally, plead and alleges as follows:

## NATURE OF THE ACTION

1. This is an action against Defendants for wrongful death.

## JURISDICTION

2. This court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The amount in controversy exclusive of interest and costs exceeds $75,000.00 and this action involves Plaintiffs who are citizens of subjects of

South Korean and Defendants who are citizens of Guam. The Plaintiffs' damages include general damages, economic damages, and physical, mental and emotional pain and suffering damages.

**PARTIES**

3. At all relevant times herein, Plaintiffs JONG GIL LEE ("Mr. Lee") and NAMLEE KIM ("Mrs. Kim") were and are adult individuals and residents of South Korea, and have been and are still married.

4. Plaintiffs are the parents and representatives of the heirs to the estate of decedent HIMCHAN LEE who died from asphyxia due to drowning in the swimming pool located at the premises of the Defendant on August 6, 2019.

5. Upon information belief, at all relevant times herein, Defendant PACIFIC STAR RESORT & SPA is a hotel, resort, business, corporation, partnership, dba, or business entity located in, operating in, and having a principal place of business in Guam.

6. Upon information and belief, at all relevant times herein, Defendant MARIANAS PROPERTIES LLC is a corporation, business, or other entity located in and having a principal place of business in Guam, and is the owner, operator, parent, affiliate, subsidiary, principal, employer, partner, joint-venturer, or other relation entity doing business as or operating directly or indirectly the business known as the Pacific Star Resort & Spa ("PACIFIC STAR").

7. Upon information and belief, DOE DEFENDANTS 1 through 5 are the owners, parents, affiliates, subsidiaries, principals, employers, partners, joint-ventures, or other related entities doing business as or operating directly or indirectly the business known as the Pacific Star.

8. PACIFIC STAR RESORT & SPA, MARIANAS PROPERTIES LLC, and/or DOE DEFENDANTS 1 through 5 are hereinafter referred to individually or collectively as the PACIFIC STAR DFENDANTS.  The hotel, resort, pool, and other associated areas of the PACIFIC STAR DEFENDANTS are hereinafter referred to collectively and the Pacific Star, the Pacific Star Premises, the premises, or other similar name.

9. DOE DEFENDANTS 6 through 10 are insurance companies authorized to do business on Guam that had issued policies of insurance to the PACIFIC STAR DEFENDANTS which were in full force and effect al all pertinent times herein, specifically including but not limited to, August 6, 2019.  Included in DOE DEFENDANTS 6 through 10 are insurance companies or entities engages in insurance or insurance-related businesses that are liable in whole, or in part, for damages to PLAINTIFFS.

10. PLAINTIFFS are currently unaware of the true names, capacities, and identities of DOE DEFENDANTS 11 through 20, and, therefore, sue these DEFENDANTS by such fictitious names and specifically reserve the right to amend this Complaint to show their true names and capacities when more fully ascertained, DOE DEFENDANTS 11 through 20 are liable in some manner in whole, or in part, for damages to PLAINTIFFS.

## **GENERAL ALLEGATIONS**

11. At all relevant times herein, the PACIFIC STAR DEFENDANTS were responsible for the premises located in Tumon, Guam, known as the PACIFIC STAR RESORT & SPA or other similar name.  The PACIFIC STAR DEFENDANTS' responsibilities regarding the premises included but were not limited to:
    - Duties to maintain the premises in a safe manner, including those in the pool areas
    - Duties to endure that no dangerous or hazardous conditions existed in the premises, including those in the pool areas

- Duties to warn against foreseeable harms, including those in the areas
- Duties to equip the premises with emergency safety equipment, including those in the pool areas
- Duties to warn that portions of the pool are deep
- Duties to provide signage, markings, or other adequate notices regarding the depts of the pool areas
- Duties to employ lifeguards to supervise the safety of persons using the pool premises
- Duties to employ staff to supervise the safety of persons using the pool premises
- Duties to train staff to conduct lifeguard, safety supervision, or emergency aid to persons using the pool premises
- Duties to employ staff that are properly trained to conduct lifeguard, safety supervision, or emergency aid to persons using the pool premises
- Duties to ensure that the pool premises were supervised by a sufficient number of lifeguards or other staff at times the pool premises are open for use, including on August 6, 2019
- Duties to render emergency aid, aid, or assistance to persons injured while using the pool premises, including decedent Himchan Lee when he used the pool premises
- Duties to protect decedent Himchan Lee from foreseeable harms, including those in the pool areas
- Duties to warn decedent Himchan Lee from foreseeable harms, including those in the pool areas
- Duties to ensure that decedent Himchan Lee would not be harmed, including those in the pool areas

12. On or about August 6, 2019, decedent Himchan Lee was lawfully at the PACIFIC STAR premises.

13. On that day and at that place, decedent Himchan Lee used PACIFIC STAR pool premises.
14. No lifeguard, safety staff, or other PACIFIC STAR DEFENDANT employee or staff member was present to render immediate emergency aid, aid, or assistance to decedent Himchan Lee.
15. After a significant lapse of time, a PACIFIC STAR employee pulled decedent Himchan Lee out of the pool.
16. No emergency safety equipment was available or used to render emergency aid, aid, or assistance to decedent Himchan Lee by PACIFIC STAR DEFEDANT lifeguards, safety staff, or other employees or staff members.
17. When decedent Himchan Lee was pulled from the pool, he lost consciousness and was found unresponsive.
18. Decedent Himchan Lee required 911 emergency services, hospital admission, and intensive care services.
19. Decedent Himchan Lee was transported from the PACIFIC STAR by ambulance to the Guam Memorial Hospital Authority ("GMHA").
20. On August 6, 2019, at approximately 5:47 p.m. a medical examiner pronounced Himchan Lee dead.
21. Decedent Himchan Lee's immediate cause of death was from asphyxia due to drowning.
22. As a direct and proximate result of the conduct of the PACIFIC STAR DEFENDANTS, jointly and severally, Himchan Lee died in the premises of PACIFIC STAR.
23. PLAINTIFFS' losses and damages include general damages, economic damages, and physical, mental and emotional pain and suffering damages in excess of $1,000,000.00 (ONE MILLION DOLLARS).

**FIRST CAUSE OF ACTION: NEGLIGENCE**

24. PLAINTIFFS incorporate by this reference all allegations contained in paragraphs 1 through 23 as though set forth fully here.

25. The DEFENDANTS are liable to the PLAINTIFFS for the PACIFIC STAR DEFENDANTS' negligence.

26. At all relevant times herein, the PACIFIC STAR DEFENDANTS breached their duties to PLAINTIFFS by *inter alia*:

    - Failing to maintain the premises in a safe manner, including those premises in the pool areas
    - Failing to ensure that no dangerous or hazardous conditions existed in the premises, including those premises in the pool areas
    - Failing to equip the premises with emergency safety equipment, including thoses premises in the pool areas
    - Failing to warn Himchan Lee that portions of the pool were deep
    - Failing to warn Himchan Lee that portions of the pool were unsafe
    - Failing to provide signage, markings, or other adequate notices that would have notified Himchan Lee regarding the depts of the pool areas and/or the dangers of swimming in or entering deep parts of the pool
    - Failing to post a marker or adequate signs to show the different depts of the pool
    - Failing to employ lifeguards to supervise the safety of Himchan Lee and be present when he was using the pool premises
    - Failing to employ staff to supervise the safety of Himchan Lee and be present when he was using the pool premises
    - Failing to train staff to conduct lifeguard, safety supervision, or emergency aid to persons such as Himchan Lee using the pool premises

- Failing to employ staff that were properly trained and present to conduct lifeguard, safety supervision, or emergency aid to persons such as Himchan Lee using the pool
- Failing to protect Himchan Lee from foreseeable harms, including those in the pool areas
- Failing to warn Himchan Lee of any foreseeable harms, including those in the pool areas
- Failing to ensure that Himchan Lee would not be harmed, including in the pool areas
- Failing to render reasonable aid to Himchan Lee when he was drowned on or at or as a result of using or being present at the pool premises
- Failing to ensure that Himchan Lee received medical care or treatment for his drowing, after he was pulled from the pool

27. As a direct and proximate result, the PACIFIC STAR DEFENDANTS caused the death of Himchan Lee resulting in damages to PLAINTIFFS in amounts subject to proof at trial.

## **SECOND CAUSE OF ACTION: RES IPSA LOQUITUR**

28. PLAINTIFFS incorporate by this reference all allegations contained in paragraphs 1 through 27, as though fully set forth here.
29. DEFENDANTS' conduct causing the death of Himchan Lee is a type that would normally not occur unless DEFENDANTS were negligent.
30. The instrumentalities proximately causing the death of Himchan Lee were in the DEFENDANTS' exclusive control at the time of the incident.
31. The factual circumstances afford sufficient evidence in the absence of explanation that the death arose from the DEFENDANTS' want of ordinary care and that such negligence was the direct and proximate cause of the death of Himchan Lee.

32. As a direct and proximate result of DEFENDANTS' negligence PLAINTIFFS have suffered damages in amounts subjects to proof at trial.

### THIRD CAUSE OF ACTION: DIRECT ACTION AGAINST INSURERES

33. PLAINTIFFS incorporate by this reference all allegations contained in paragraphs 1 through 32, as though fully set forth here.

34. DOE DEFENDANTS 6 through 10 are the insurers, providers of policies of insurance, and/or entities in insurance-related businesses that had issued insurance coverage, policies of insurance, and/or other insurance related coverage to each and/or all of the DEFENDANTS which were in full force and effect al all pertinent times herein, specifically including but not limited to August 6, 2019, covering the DEFENDANTS' acts, omissions, and/or conduct complained of herein that directly and proximately caused the death of Himchan Lee complained herein.

35. As the insurers, providers of policies of insurance and/or ad entities engaged in insurance-related businesses that had issued insurance coverage, polices of insurance, and/or other insurance related coverage to each and/or all of the DEFENDANTS, DOE DEFENDANTS 6 through 10 are liable to PLAINTIFFS for all damages complained herein.

36. PLAINTIFFS have and hereby assert their rights of direct action against DOE DEFENDANTS 6 through 10 on any policy or polices of insurance issued to each and/or all of the DEFENDANTS which were in effect at all pertinent times herein, specifically including but not limited to, August 6, 2109, pursuant to, inter alia, 22 G.C.A § 18305.

### FOURTH CAUSE OF ACTION: DIRECT ACTION AGAINST PRINCIPALS AND EMPLOYERS BASED UPON AGENCY LIABILITY AND/OR RESPONDEAT SUPERIOR

37. PLAINTIFFS incorporate by this reference all allegations contained in paragraphs 1 through 36, as though fully set forth here.

38. DEFENDANTS, including the PACIFIC STAR DEFENDANTS, are the principals and/or employers of DOE DEFENDANTS 16 through 20, and/or of each other.

39. DOE DEFENDANTS 16 through 20, and/or the PACIFIC STAR DEFENDANTS, are the agents of other specific PACIFIC STAR DEFENDANTS and/or DOE DEFENDANTS and were acting within the scope of employment and/or the agency at the time they committed the acts, omissions, and/or conduct complained of herein.

40. In addition to being directly liable to PLAINTIFFS, DOE DEFENDNATS 16 through 20, and/or specific PACIFIC STAR DEFENDANTS, are also vicariously liable to PLAINTIFFS under the theories of *respondeat superior* and other agency theories.

## DEMAND FOR JURY TRIAL

PLAINTIFFS demand a trial by jury of six (6) persons on all issues that may be tried as a matter of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS request judgment against DEFENDANTS, jointly and severally, as follows:

1. From each and every DEFENDANT, damages to PLAINTIFFS in amounts in excess of $1,000,000.00 (ONE MILLION DOLLARS);
2. From each and every DEFENDANT, damages to PLAINTIFFS in amounts subject to proof at trial;
3. For PLAINTIFFS' costs of suit; and
4. For such other and further relief deemed by the Court to be just and proper.

Respectfully submitted this 30th day of December, 2019.

                                                               LAW OFFICE OF PARK

                                                               _____/s/_____
                                                               MUN SU PARK, Esq.
                                                               Attorney for Plaintiffs