IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JONG GIL LEE, NAMLEE KIM and MUN SU PARK, Administrator of the Estate of Himchan Lee,<br><br>Plaintiffs,<br><br>vs.<br><br>MARIANAS PROPERTIES LLC dba PACIFIC STAR RESORT & SPA, DONGBU INSURANCE COMPANY, LTD. and DOES 1-20,<br><br>Defendants. | CIVIL CASE NO. 19-00153<br><br>**ORDER**<br>Denying Motion for Leave to File Second Amended Complaint (ECF No. 50) |

This matter is before the court on the Plaintiffs' Motion for Leave to File Second Amended Complaint (the "Motion to Amend"), requesting that they be permitted to file a second amended complaint to add a fifth cause of action that asserts a claim of recklessness and gross negligence as the basis for an award of punitive or exemplary damages . *See* Mot. Amend at 2, ECF No. 50. *See also* Proposed Second Am. Compl, Ex. 1 to Decl. of Daniel J. Berman, ECF No. 51.

The Defendants opposed the motion. *See* Defs.' Opp'n, ECF No. 53. The Defendants argue that the Plaintiffs' delay in seeking the amendment is inexcusable, that amendment would prejudice the Defendants this late in the litigation, that the Motion to Amend was brought in bad faith, that amendment will be futile, and that the Plaintiffs have not provided any factual support to justify the amendment. *Id.*

The Plaintiffs then filed a Reply brief to address the arguments raised in the Defendants' Opposition to their motion. *See* Reply, ECF No. 54.

On August 15, 2023, the court heard counsel's argument on the Motion to Amend, and

thereafter took the matter under advisement. *See* Minutes, ECF No. 61. Having reviewed the parties' filings and based on relevant authority, the court hereby denies the Motion to Amend.

**I.      Nature of the Case and Procedural Background**

This is a wrongful death and personal injury action related to a drowning in the hotel pool. According to the Amended Complaint,[1] the decedent Himchan Lee was a business invitee on the Pacific Star premises on August 6, 2019. *See* Am. Compl. at ¶ 13, ECF No. 13. The decedent used the hotel's pool premises, and there was no lifeguard, safety staff or other employee present to render immediate emergency aid or assistance to him. *Id.* at ¶¶ 14-15. It is alleged that the hotel had an operational closed circuit surveillance system that observed the decedent in distress in the pool and dying, but the Defendants did nothing to save or rescue the decedent. *Id.* at ¶ 16. Eventually, a hotel employee pulled the decedent out of the pool, unconscious and non-responsive. *Id.* at ¶¶ 17 and 19. The decedent was transported by ambulance to the Guam Memorial Hospital , but pronounced dead at 5:47 p.m. *Id.* at ¶¶ 21-22. The Certificate of Death indicated the decedent's cause of death was "asphyxia due to drowning." *Id.* at ¶¶ 4 and 23. The decedent's parents then brought this action asserting the following causes of action: Negligence, Res Ipsa Loquitur and Direct Action Against Insurer Dongbu, which had issued policies of insurance for the hotel that were in force and effect on the date of the alleged drowning, and Direct Action Against Principals and Employers Based Upon Agency Liability and/or Respondeat Superior.

On September 1, 2021, Defendants Marianas Properties LLC and Dongbu filed an Answer to the Amended Complaint. *See* Answer, ECF No. 16. Among various defenses raised, the Defendants asserted that the estate lacked standing to maintain the claims, that the damages resulted

---

[1] The original Complaint was filed on December 30, 2019. *See* ECF No. 1. The Defendants named in the Complaint were Pacific Star Resort & Spa, Marianas Properties LLC and Does 1-20. *Id.* at ¶¶ 5-10. On March 30, 2020, the Plaintiffs moved for entry of default against Marianas Properties LLC. *See* Mot. Entry Default, ECF No. 6. Default was entered that same day. *See* ECF No. 8.

 On April 16, 2021, the Plaintiffs filed a Motion for Default Judgment. *See* ECF No. 11.
On August 3, 2021, the Plaintiff filed an Amended Complaint. Am. Compl. at ¶¶ 6-11, ECF No. 13. The Estate of Himchan Lee was added as a plaintiff, and named as defendants were Marianas Properties LLC dba Pacific Star Resort & Spa, Dongbu Insurance Company and Does 1-20. *Id.* at ¶¶ 3-11.

solely and proximately from the negligence of the decedent, which is imputable to the Plaintiffs herein, that the Amended Complaint failed to state a claim upon which relief may be granted, and that the Plaintiffs are not entitled to maintain the claims asserted pursuant to Guam's wrongful death statute. *Id.* at 5-6.

On January 18, 2023, the Plaintiffs filed a Substitution of Co-Plaintiff Mun Su Park for Estate of Himchan Lee. *See* ECF No. 33. According to the filing, the Superior Court of Guam appointed Attorney Mun Su Park as the Administrator of the decedent's estate on August 26, 2022. *Id.* at 1 and Ex. 1 thereto. Without objection from the Defendants, the court approved the request for substitution on February 28, 2023. *See* Order, ECF No. 42.

On May 4, 2023, the Plaintiffs filed the instant Motion to Amend. *See* ECF No. 50.

**II.    Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend their pleadings with the consent of opposing counsel or with leave of court, which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). While courts liberally construe Rule 15(a), once the court has entered a pretrial scheduling order pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). Good cause may be found where the moving party is unable to comply with a scheduling order due to issues not reasonably foreseeable at the time of the order or was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order.

Additionally, Rule 6(b)(1)(B) provides that a request made after the expiration of the specified deadline should not be granted unless the movant demonstrates that the failure to act was due to "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Accordingly, a party moving to amend a pleading after a scheduling order deadline has passed must support the motion by demonstrating both excusable neglect and good cause.

### III.  Analysis

The deadline to file motions to amend pleadings expired on January 14, 2022. *See* Scheduling and Planning Order at 3, ECF No. 20. The Plaintiffs filed the instant Motion to Amend on May 4, 2023.

The court finds that the Plaintiffs have not demonstrated that their failure to seek leave to file a second amended complaint was due to excusable neglect. Even if the court accepted the Plaintiffs' claim for "time lost to the COVID pandemic and [g]overnment lockdown of all [of] Guam and the [c]ourts in year 2020 and a substantial period of time in 2021 when the people of Guam and [c]ourts were impaired by COVID," *see* Reply at 2, ECF No. 54, this would not explain the Plaintiffs' failure to act in the 16 months ensuing the January 14, 2022 deadline established by the court. It appears that the Plaintiffs' only explanation for the delay is that the Defendant's filing of a Motion for Partial Summary Judgment on December 28, 2022, "gave reason[] for detailed study of the pleadings" prior to trial. *Id.* But even this reason is not valid because the Plaintiffs waited another five months before filing the instant Motion to Amend. The court finds that the Plaintiffs were simply not diligent in seeking to amend their complaint. Because the Plaintiffs were not diligent, the court need not analyze the other arguments raised by the Defendants. *See Mammoth Recreations, Inc.*, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end.").

### IV.  Conclusion

Having considered the parties' submissions and argument, the record in this case, and the applicable law, the court denies the Plaintiffs' Motion to Amend because the Plaintiffs have failed to demonstrate neither good cause nor excusable neglect for having missed the deadline for seeking leave to file a second amended complaint.

IT IS SO ORDERED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Sep 30, 2023